**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CURTIS WILLIAMS** | * | **CIVIL ACTION NO.: 18-02008** |
| | * | |
| | * | **SECTION "G" (3)** |
| **v.** | * | |
| | * | **JUDGE IVAN L.R. LEMELLE** |
| | * | |
| **AMERICAN COMMERCIAL BARGE** | * | |
| **LINES LLC** | * | **MAG. JUDGE MICHAEL NORTH** |

---

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE**
**PURSUANT TO F.R.C.P 12(b)(3), OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

---

**MAY IT PLEASE THE COURT:**

Defendant, American Commercial Barge Line LLC ("ACBL"), respectfully submits this Memorandum in Support of its Motion to Dismiss requesting that the Court issue an Order dismissing the instant action for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, transfer this action to the United States District Court for the Southern District of Indiana, New Albany Division, on the grounds that there is a valid and enforceable forum selection clause agreed by plaintiff, Curtis Williams.

As detailed herein, plaintiff alleges to have sustained an injury while employed by ACBL as a deckhand.  Following his alleged injury, and in consideration of optional post-injury benefits from ACBL, plaintiff voluntarily agreed that if he filed suit against ACBL relating to his alleged injuries, the suit would only be filed in the United States District Court for the Southern District of Indiana, New Albany Division.  The subject forum selection clause is valid and enforceable, was agreed by plaintiff after his alleged injury, and there are no exceptional circumstances that would operate to preclude enforcement of plaintiff's agreement.  Pursuant to the written

agreement, the only appropriate forum for this litigation is the United States District Court for the South District of Indiana, New Albany Division.

For these reasons, ACBL respectfully requests that the Court grant the instant Motion and dismiss this matter without prejudice.  Alternatively, ACBL requests that the Court transfer this litigation to the agreed upon forum.

I.     **FACTUAL & PROCEDURAL BACKGROUND**

On February 26, 2018, Curtis Williams ("plaintiff") filed a Complaint in the Eastern District of Louisiana pursuant to the Jones Act and the General Maritime Law against ACBL for damages arising out of the alleged October 2015 incident, while employed by AEP River Operations, LLC ("AEP") as a deckhand.[1]  Plaintiff did not request medical attention or assert a claim for maintenance and cure for an alleged October 2015 injury.  To the contrary, plaintiff continued working until on or about January 15, 2016, when he notified ACBL that he would be taking a medical leave of absence.  Plaintiff did not relate his medical leave of absence to any illness or injury that occurred while in the service of a vessel.[2]

While ACBL disputes the nature and extent of plaintiff's alleged injuries, upon notification that plaintiff was taking a medical leave of absence from work, on January 15, 2016, plaintiff was provided written notification of his rights under the Family and Medical Leave Act ("FMLA")[3] during his medical leave.[4]  Specifically, ACBL provided plaintiff with the following documents: (1) U.S. Department of Labor's Notice of Eligibility and Rights and Responsibilities; (2) U.S. Department of Labor's Certification of Health Provider for Employee's Serious Health Condition;

---

[1] *See* R. Doc. 1.  Plaintiff was employed by AEP River Operations until November 12, 2015, at which time American Commercial Barge Lines, LLC ("ACBL") acquired AEP and all of its employees.
[2] *See* Unsworn Declaration of Lori A. Wasbutsky Under Penalty of Perjury, attached hereto as Exhibit A.
[3] The FMLA requires covered employers to provide employees with job-protected and unpaid leave for qualified medical and family reasons.
[4] *See* Exhibit A.

and (3) Certificate of Disability/Employee Statement.[5]   Further, the written notification advised plaintiff regarding the requirements for taking unpaid leave pursuant to the FMLA.[6]

Additionally, through this correspondence, plaintiff was notified of his eligibility to apply for paid leave through ACBL's Pay Continuation Plan ("PCP").[7]   ACBL's PCP is an optional program offered by ACBL, through which its employees may receive short-term pay continuance payments while on approved medical leave.[8]   This optional pay continuance program is wholly separate from ACBL's administration of maintenance and cure benefits under the Jones Act.[9]   On January 28, 2016, after his alleged injury, plaintiff signed the "Pay Continuance Form" to apply for paid leave under the PCP.[10]   The agreement contains the following unambiguous forum selection clause:

> …I [Curtis Williams] further agree that in the event I file a claim or lawsuit against ACBL relating to the pay continuance program and/or the incident giving rise to the illness and/or injury that is the subject of my leave of absence from work, such suit will only be filed in the U.S. District Court for the Southern District of Indiana, New Albany Division and I will make no effort to have such lawsuit or claim transferred or moved to any other court.[11]

Plaintiff's application was approved by ACBL on February 8, 2016, and plaintiff began receiving pay continuance benefit payments of $684.81 per week.[12]

Approximately four months later, plaintiff briefly returned to work. On August 3, 2016, plaintiff notified ACBL that he would be taking a second medical leave of absence.[13]   On August 3, 2016, plaintiff was again provided written notification from ACBL of his rights under the Family and Medical Leave Act ("FMLA") during his medical leave.[14]   Included in this package, was an

---

[5] *See* Exhibit A.
[6] *See* Exhibit A.
[7] *See* Exhibit A, ¶ 4.
[8] *See* Exhibit A, ¶ 5.
[9] *See* Exhibit A, ¶ 6.
[10] *See* Exhibit A, ACBL Pay Continuance Form, signed by plaintiff on, attached thereto as Item I.
[11] *See* Exhibit A, Item I.
[12] *See* Exhibit A, ¶ 8.
[13] *See* Exhibit A.
[14] *See* Exhibit A, letter sent to Mr. Williams, attached thereto as II.

ACBL Pay Continuance Form.[15]   On or about August 11, 2016, plaintiff signed the "Pay Continuance Form" to apply for paid leave under the PCP.[16]  This second pay continuance form, signed by plaintiff on August 11, 2016, contained the exact same unambiguous forum selection clause as the pay continuance form executed by plaintiff on January 28, 2016.[17]  Plaintiff's application was approved by ACBL on August 25, 2016.[18]   Plaintiff again received pay continuance benefit payments of $684.81 per week.[19]

Despite plaintiff's contractual agreement, plaintiff filed the subject litigation in the Eastern District of Louisiana pursuant to the Jones Act and the General Maritime Law against ACBL for damages arising out of the alleged October 2015 incident.[20]  Plaintiff's alleged injury, which is the subject of this instant action, arises under the terms of the Pay Continuation Forms, to which plaintiff contractually bound himself upon written agreement and acceptance of pay continuance payments.   By filing suit in this Honorable Court, plaintiff has violated the clear and unambiguous requirements of the forum selection clause, warranting dismissal of this lawsuit, without prejudice.  Alternatively, ACBL requests that the Court transfer this matter to the agreed forum, the United States District Court for the Southern District of Indiana, New Albany Division.

## II.  LAW AND ARGUMENT

### A.  Standard for Motion to Dismiss under Rule 12(b)(3)

The United States Fifth Circuit has recognized Rule 12(b)(3) as a proper method for seeking dismissal based on a forum selection clause.[21]   Moreover, the Fifth Circuit has instructed that a mandatory forum selection clause justifies a dismissal or transfer.[22]   When

---

[15] *See* Exhibit A, Item II.
[16] *See* Exhibit A, ACBL Pay Continuance Form, signed by plaintiff on, attached thereto as Item III.
[17] See Exhibit A, Item I and Item III.
[18] *See* Exhibit A, letter to plaintiff approving his pay continuance application, attached thereto as Item IV.
[19] *See* Exhibit A, ¶ 9.
[20] *See* R. Doc. 1.
[21] *See Ambraco, Inc. v. M/V CLIPPER FAITH*, 2007 WL 1550960, *2 (E.D. La. 2007), *citing Mitsui & Co. (USA), Inc. v. M/V MIRA*, 111 F.3d 33, 37 (5 Cir. 1997).
[22] *See Weber v. PACT XPP, Techs., AG*, 811 F.3d 758, 768 (5 Cir. 2016).

analyzing the enforceability of a forum selection clause, the Court must presume the *prima facie* validity of the clause.[23]   When a Motion to Dismiss seeks to enforce a valid and reasonable forum selection clause designating a forum other than that chosen by the plaintiff, the burden shifts to the plaintiff to "persuade the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute by demonstrating exceptional facts or circumstances to invalidate the agreed upon forum."[24]

Under a Rule 12(b)(3) motion, the court is permitted to look at the evidence of record beyond simply those facts alleged in the complaint and its proper attachments."[25]

## B.  The Forum Selection Clause is Enforceable Pursuant to Maritime Law

"A forum selection clause is a contractual waiver of the right to seek transfer or dismissal based on the parties' own inconvenience."[26]   Maritime Law recognizes the validity of forum selection clauses, and the United States Supreme Court has held that a court sitting in admiralty must enforce a forum selection clause, unless enforcement is shown by the resisting party to be unreasonable and unjust, or that the clause is invalid for such reasons as fraud or overreaching.[27]

There is a strong presumption in favor of enforcement of forum selection clauses, and "a

---

[23] *See M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 11 (1972).
[24] *See Smith v. Teco Ocean Shipping, Inc.,* 2004 WL 1638111, *3 (E.D. La. 2004), *quoting In re Ricoh Corp.*, 870 F.2d 570, 573 (11 Cir. 2004).
[25] *See Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5 Cir. 2008), *citing Lane ex rel. Lane v. Halliburton*, 529 F.3d 548, 557 (5 Cir. 2008) ("[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.").
[26] *See Calix-Chacon v. Global Int'l Marine, Inc.*, 493 F.3d 507, 515 n.5 (5 Cir. 2007).
[27] *See M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 11 (1972); *see also, Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, n. 16 (5 Cir. 1998); *Legano v. K.S. Bandak*, 705 So.2d 158, 166 (La. 1998); *Smith v. Teco Ocean Shipping, Inc.*, 2004 WL 1638111, *2 (E.D. La. 2004).

valid forum selection clause is given controlling weight in all but the most exceptional cases."[28] The United States Supreme Court in *M/S Bremen v. Zapata Offshore Co.* held that forum selection clauses are presumptively valid, and the party challenging enforcement bears the "heavy" burden of showing that enforcement of the forum selection clause would be "unreasonable and unjust."[29]   Courts routinely enforce nearly identical provisions, unless the challenging party clearly demonstrates: (1) fraud or overreaching; (2) the contractual forum would effectively deprive them of their day in court; or (3) derogation of the public policy of the forum.[30]

Federal district courts routinely enforce forum selection clauses in post-injury written agreements such as the agreement at issue in this matter.[31]   Specifically, under directly analogous facts, Judge Morgan and Judge Africk enforced ***the exact same forum*** selection agreement executed by plaintiff herein and transferred the lawsuits to the United States District Court for the Southern District of Indiana in *Brister v. ACBL River Operations LLC* and *Girdler v. American Commercial Barge Line, LLC.*[32]   In *Brister v. ACBL River Operations LLC*, following

---

[28] *See Brister v. ACBL River Operations, LLC*, 2018 WL 746390, *3 (E.D. La. 2018) (Morgan, J.); *Girdler v. American Commercial Barge Line*, 2017 WL 6451750, *2 (E.D. La. 2017) (Africk, J.); *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1 (1972); *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 220, n. 16 (5 Cir. 1998), *quoting Stewart Organization v. Ricoh Corp.*, 487 U.S. 22, 33 (1988); *Calix-Chacon v. Global Intern. Marine, Inc.*, 493 F.3d 507, 512 (5 Cir. 2007).

[29] *See M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 15-17 (1972).

[30] *See id.*

[31] *See e.g., Brister v. ACBL River Operations, LLC*, 2018 WL 746390, *3 (E.D. La. 2018) (Morgan, J.); *Girdler v. American Commercial Barge Line*, 2017 WL 6451750, *2-3 (E.D. La. 2017) (Africk, J.); *Smith v. TECO Ocean Shipping, Inc.*, 2004 WL 1638111 (E.D. La. 2004); *Taylor v. TECO Barge Line, Inc.*, Civil Action No. 2:06-cv-06094, R. Doc. 28, attached hereto as Exhibit B; *In re OSG Ship Management, Inc.*, 514 S.W.3d 331 (Tex. App. 2016); *TECO Barge Line, Inc. v. Hagan*, 15 So.3d 863 (Fla. Dist. Ct. App. 2009); *Hill v. Hornbeck Offshore Services*, 799 F. Supp.2d 658 (upholding and enforcing arbitration clause in post-injury agreement entered into by seaman in exchange for benefit payments as part of an incentive program offered by seaman's employer); *In re Weeks Marine, Inc.*, 242 S.W.3d 849 (Tex. App. 2007) (holding that a post-injury agreement to pay advances on settlement in consideration of the seaman's agreement to arbitrate any claims arising out of his injury was valid and enforceable); *See Boutte v. Cenac Towing, Inc.*, 346 F. Supp. 2d 922, 933 (S.D. Tx. 2004) (noting that public policy concerns do not apply in post-injury written agreements where the forum selection clause is "part of a post-accident settlement, not part of a seaman's pre-accident employment contract.").

[32] *See Brister v. ACBL River Operations, LLC*, 2018 WL 746390, *3 (E.D. La. 2018) (Morgan, J.); *Girdler v. American Commercial Barge Line*, 2017 WL 6451750, *3 (E.D. La. 2017) (Africk, J).

his alleged injury, the plaintiff voluntarily agreed to the following identical, mandatory and unambiguous forum selection clause:

> …I further agree that in the event I file a claim or lawsuit against ACBL relating to the pay continuance program and/or the incident giving rise to the illness and/or injury that is the subject of my leave of absence from work, such suit will only be filed in the U.S. District Court for the Southern District of Indiana, New Albany Division and I will make no effort to have such lawsuit or claim transferred or moved to any other court.[33]

Despite this mandatory forum selection clause, the plaintiff filed suit in the Eastern District of Louisiana.[34]   ACBL moved to dismiss, or in the alternative to transfer the matter to the Southern District of Indiana, on the grounds that the plaintiff waived his right to file suit in the Eastern District of Louisiana by agreeing to the mandatory forum selection clause contained in the Pay Continuance Form.[35]   In his Opposition, the plaintiff asserted that the subject forum selection clause was the product of fraud and overreaching, as it was "hidden in the fine print after generic release of information language, and "was not set out or conspicuous in any way."[36]

Judge Morgan upheld the validity of the forum selection clause, and rejected the plaintiff's unsupported arguments that the subject forum clause was the product of fraud or overreaching.[37]   Specifically, Judge Morgan found that the paragraph containing the forum selection clause was in the same font and text size as the rest of the form, the paragraph in question was prominently featured on the Pay Continuance Form, below the heading "To be completed by the Employee," and the plaintiff's signature appeared immediately below the subject clause.[38]   Further, contrary to the plaintiff's argument that forum selection clauses are inapplicable in Jones Act cases, Judge Morgan noted that courts in the Eastern District have

---

[33] *See Brister v. ACBL River Operations*, LLC, 2018 WL 746390, *1 (E.D. La. 2018) (Morgan, J)
[34] *See id.*
[35] *See id.* at *2.
[36] *See id.* at *4.
[37] *See id.* at *4.
[38] *See id.*

routinely held that forum selection clauses, such as the one at issue, are enforceable.[39] Accordingly, Judge Morgan concluded that the plaintiff had not overcome the presumption that the clause should be enforced.[40]

Likewise, in *Girdler v. American Commercial Barge Line, LLC,* Judge Africk upheld the validity of the exact same forum selection agreement executed by plaintiff herein and transferred that matter to the United States District Court for the Southern District of Indiana.[41] Specifically, in *Girdler*, following his alleged injury, the plaintiff voluntarily agreed to the following identical, mandatory and unambiguous forum selection clause:

> …I further agree that in the event I file a claim or lawsuit against ACBL relating to the pay continuance program and/or the incident giving rise to the illness and/or injury that is the subject of my leave of absence from work, such suit will only be filed in the U.S. District Court for the Southern District of Indiana, New Albany Division and I will make no effort to have such lawsuit or claim transferred or moved to any other court.[42]

Despite this mandatory forum selection clause, the plaintiff filed suit in the Eastern District of Louisiana. ACBL moved to dismiss, or in the alternative to transfer, on the grounds that the forum selection clause was enforceable.[43] In his Opposition, the plaintiff argued that the forum selection clause was "fundamentally unfair" and was the product of fraud or overreaching, as the clause was "not set off or distinguished" in order to alert him of the right he was waiving and was "buried in a paragraph on an unrelated form."[44] In rejecting the plaintiff's argument, Judge Africk noted that the paragraph featuring the clause is located at the top of the "Attending Physician's Statement of Functionality" form, and the clause is boxed off from, and is written in the same font and text size as the rest of the form.[45] Furthermore, Judge Africk noted that the paragraph is labeled "To be completed by the Employee," and the plaintiff's signature appears

---

[39] *See id.*
[40] *See id.*
[41] *See Girdler v. American Commercial Barge Line*, 2017 WL 6451750 (E.D. La. 2017) (Africk, J).
[42] *See id.* at *2.
[43] *See id.* at *1.
[44] *See id.* at *2.
[45] *See id.* at *3.

directly below the paragraph.[46]   Accordingly, Judge Africk concluded that in light of the clauses presentation on the form, the plaintiff's signature directly below the clause, and the relevant case law enforcing forum selection clauses in analogous situations, the plaintiff had not overcome the presumption that the clause at issue is enforceable.[47]

These decisions are not novel.   Instead, they are consistent with the body of jurisprudence enforcing similar forum selection clauses under directly analogous facts.   For example, in *Smith v. TECO Ocean Shipping, Inc.*, Judge Porteous enforced a similar forum selection clause contained in a post-injury written agreement between the plaintiff and his employer, dismissing the plaintiff's lawsuit.[48]   Specifically, in *Smith*, the plaintiff filed suit in the Eastern District of Louisiana against his employer, TECO Ocean Shipping, Inc. ("TECO"), pursuant to the Jones Act and General Maritime Law seeking to recover for injuries allegedly sustained while in the course of his employment.[49]   TECO moved to dismiss the suit, without prejudice, pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue on the grounds that the written agreement entered into between the parties included a valid forum selection clause.[50]   Specifically, following the plaintiff's alleged injury, the plaintiff applied for, and received, benefits pursuant to TECO's Vessel Wage Continuation Plan ("VWCP"), an optional benefit plan provided by TECO to employees injured while in the service of a TECO vessel.[51]   The VWCP Application contained the following forum selection clause:

> In consideration of the benefits received…I agree…that all suits involving the Vessel Wage Continuation Plan or any work-related injury or illness shall be brought in either the Circuit Court of the Thirteenth Judicial Circuit of Hillsborough County in the State of Florida or the U.S. District Court in the Middle District of Florida, Tampa Division, to the exclusion of any other court or jurisdiction.[52]

---

[46] *See id*.
[47] *See id*.
[48] *Smith v. TECO Ocean Shipping, Inc.,* 2004 WL 1638111 (E.D. La. 2004).
[49] *See id*. at *1.
[50] *See id*.
[51] *See id*.
[52] *See id*. at 1.

In response to the Motion to Dismiss, the plaintiff argued that the subject forum selection clause was unenforceable as "enforcement would contravene a strong public policy of the forum in which the suit is brought."[53]  Plaintiff also argued that the forum selection clause in the VWCP application should be viewed as a "release."[54]  Specifically, plaintiff argued that the TECO VWCP Application was misleading, because it did not inform him that it contained a substantial release of his rights, and was submitted without knowledge that he was releasing his right to choose Louisiana as a venue.[55]

Judge Porteous rejected the plaintiff's arguments, finding the forum selection clause enforceable and not a "release," as it had "no effect upon plaintiff's substantive rights."[56]  Further, Judge Porteous held that there can be no misunderstanding, as the language in the application clearly states that a lawsuit for the work related injury must be brought in the State of Florida.[57]  Lastly, Judge Porteous concluded that the plaintiff failed to show any exceptional facts or circumstances invalidating the subject clause.[58]

Similarly, Judge Duval, in *Taylor v. TECO Barge Line, Inc.*, upheld the validity of a nearly identical forum selection clause in a post-injury written agreement.[59]  Again, in *Taylor*, following an alleged injury, the plaintiff applied for, and received, benefits pursuant to TECO's wage continuation plan.[60]  The Application, signed by the plaintiff, contained the following forum selection clause:

> I also agree that all suits involving the Wage Continuation Plan or any work related injury or occupation illness shall be brought in the courts nearest TECO Barge Line, those being the United States Federal Sixth Circuit Western Kentucky located in Paducah, Kentucky or the Circuit Court of the First Judicial

---

[53] *See id.* at *2.
[54] *See id.*
[55] *See id.* at *2.
[56] *See id.* at *3.
[57] *See id.*
[58] *See id.*
[59] *See* Exhibit B*, Taylor v. TECO Barge Line, Inc.*, Civil Action No. 2:06-cv-06094, R. Doc. 28.
[60] *See* Exhibit B.

Circuit of Massac County in the State of Illinois to the exclusion of any other courts or jurisdictions.[61]

Despite the contractual agreement, the plaintiff filed suit in the Eastern District of Louisiana against TECO pursuant to the Jones Act and General Maritime Law.[62]  TECO filed a Motion to Transfer pursuant to 28 U.S.C. §1404(a), based on the valid forum selection clause agreed by the parties.[63]

In upholding the validity of the forum selection clause, Judge Duval concluded that the subject forum clause was not the product of fraud or overreaching, as the agreement between the parties "represented a valid bargained for exchange."[64]  Specifically, Judge Duval explained that *plaintiff received benefits he was otherwise not entitled to, and in turn, agreed to limit himself regarding choice of forum*.[65]  Further, contrary to plaintiff's argument that the clause was invalid, because it violated the strong public policy of protecting seaman, Judge Duval noted that plaintiff signed the application that contained the forum selection clause *after his injury occurred*.[66]  Accordingly, Judge Duval distinguished jurisprudence analyzing forum selection clauses in Jones Act employment contracts, from the post-injury benefits agreement at issue in *Taylor*, and found no derogation of public policy.[67]  Lastly, Judge Duval concluded that the plaintiff had not relinquished his rights in the VWCP application, but rather, he simply agreed to another forum within the United States judicial system, "and therefore his 'substantial rights' are unaffected here."[68]

Likewise, in *In re OSG Ship Management, Inc.* a similar forum selection clause contained in a post-injury agreement was upheld and enforced.[69]  In *In re OSG Ship*

---

[61] *See* Exhibit B, p. 2.
[62] *See* Exhibit B, p. 2.
[63] *See* Exhibit B, p. 2-3.
[64] *See* Exhibit B, p. 17,
[65] *See* Exhibit B, p. 17.
[66] *See* Exhibit B, p. 19.
[67] *See* Exhibit B, p. 18-19.
[68] *See* Exhibit B, p. 18-19.
[69] *In re OSG Ship Management, Inc.*, 514 S.W.3d 331 (Tex. App. 2016).

*Management, Inc.*, following the plaintiff's alleged injury, his employer, OSG, offered him the opportunity to participate in its Post Incident Payment Plan (the "PPA").[70]   In exchange for participating in the Plan, plaintiff agreed to limit the forum in which he could file suit.[71]   Specifically, the PPA application, signed by the plaintiff, contained the following forum selection clause:

> …I agree to the terms and conditions of participating in the Plan as described in the above correspondence, including the material term that any claim, dispute or controversy whatsoever that arises from my alleged July 19, 2015 injury aboard the M/T OVERSEAS ANACORTES shall be litigated, if at all, in a federal court located in Hillsborough County, Florida to the exclusion of the courts of any other country, state, county, or city. …[72]

Despite the plaintiff's agreement, he filed suit against OSG for his alleged injuries in the 215th District Court in Harris County, Texas.[73]   OSG then filed a Motion to Dismiss the suit based on the forum selection agreement contained in the PPA.[74]   In response, the plaintiff challenged the PPA's forum selection clause as contrary to a "strong public policy of protecting seamen."[75]   Further, the plaintiff argued that enforcing the PPA was unreasonable, because it is a "release" and was signed without the guidance of counsel.[76]   While the trial court denied the employer's motion, the Texas Appellate Court concluded that the forum selection clause was enforceable and not contrary to public policy.[77]   Further, the Court found the agreement was not a "release" of the plaintiff's claims against the defendant.   Accordingly, the fact that the plaintiff was not represented by counsel at the time he agreed to the forum selection clause did not establish that the clause was unenforceable or in violation of public policy.[78]   Lastly, the Court noted that the plaintiff failed to show that the clause was procured as a result of fraud or overreaching, or

---

[70] *See id.* at 335.
[71] *See id.* at 336.
[72] *See id.* at 335-336.
[73] *See id.* 335.
[74] *See id.*
[75] *See id.* at 343.
[76] *See id.*
[77] *See id.* at 345-346.
[78] *See id.*

that litigating his claims in Florida would be so "gravely difficult and inconvenient" as to deprive him of his day in court.[79]

Additionally, in *TECO Barge Line, Inc. v. Hagan*, a Florida Court of Appeals enforced a forum selection clause contained in a post-injury agreement between a seaman and his employer and dismissed the suit, without prejudice.[80]   In *Hagan*, the plaintiff was working for TECO in Louisiana, when he allegedly sustained a personal injury.[81]   After his injury and in consideration of benefits under a wage continuation plan, plaintiff signed an agreement with TECO that contained the following forum selection clause:

> I also agree that all suits involving the Vessel Wage Continuation Plan or any work related injury or occupational illness shall be brought in the courts nearest TECO Barge Line, those being the United States Federal Sixth Circuit Western Kentucky located in Paducah, Kentucky or the Circuit Court of the First Judicial Circuit of Massac County in the State of Illinois to the exclusion of any other courts or jurisdictions.[82]

Despite his agreement, the plaintiff filed suit in Florida.[83]   In response, TECO filed a Motion to Dismiss arguing that the forum selection clause was mandatory and required the plaintiff bring his action in the specific forums outside of Florida.[84]   Plaintiff argued that the language of the clause was ambiguous, because on the one hand it compels him to bring suit "in the courts nearest TECO Barge Line," while on the other hand it defines those courts as either federal court in Paducah, Kentucky, or the state court in Massac County, Illinois.[85]   The trial court denied TECO's motion, but the Florida Appellate Court reversed.[86]   On appeal, the Court found the forum selection clause valid and enforceable, as it unambiguously required the plaintiff to bring his lawsuit in the appropriate forum, which was not located in Florida.[87]

---

[79] *See id.*
[80] *TECO Barge Line, Inc. v. Hagan*, 15 So.3d 863 (Fla. Dist. Ct. App. 2009).
[81] *See id.* at 846.
[82] *See id.*
[83] *See id.*
[84] *See id.* at 864.
[85] *See id.* at 865.
[86] *See id.*
[87] *See id.* at 865.

But, moreover, in *Gleghorn v. American Commercial Barge Line, LLC, et al.*, an Indiana State Court enforced the exact forum selection agreement executed by plaintiff herein and transferred the matter to the United States District Court for the Southern District of Indiana.[88] Specifically, in *Gleghorn*, following his alleged injury, the plaintiff voluntarily agreed to the following identical, mandatory and unambiguous forum selection clause:

> I agree that in the event I file a claim or a lawsuit against ACLTS[89] or any subsidiaries of ACLTS relating to the Incident or this Agreement, such suit will only be filed in the U.S. District Court for the Southern District of Indiana, New Albany Division and I will make no efforts to have such a lawsuit or claim transferred or moved to any other court.[90]

Despite this mandatory forum selection clause, the plaintiff filed suit in the Circuit Court No. 2 of Clark County, State of Indiana.[91]   ACLTS moved to dismiss on the grounds that the forum selection clause is unambiguous and even a cursory reading of the clause refutes the possibility of any misunderstanding.[92] The Indiana State Court agreed and granted ACLTS' motion, transferring the matter to the agreed forum, the U.S. District Court for the Southern District of Indiana, New Albany Division.[93]

As demonstrated by the numerous analogous decisions cited herein, the forum selection clause agreed by plaintiff after his alleged injury in consideration of post-injury benefit payments is valid and enforceable.   Plaintiff elected to participate in the ACBL PCP program, and accepted pay continuance benefits.  In consideration of his receipt of those benefits, he agreed to file any lawsuit arising out of his alleged injury in the federal court for the Southern District of Indiana, the venue and jurisdiction in which ACBL is headquartered.   Plaintiff's election and

---

[88] *See* ACLTS' Motion to Dismiss for Improper Venue and Memorandum filed in *Gleghorn v. American Commercial Barge Line, LLC, et al.*, Civ. No. 10C02-1610-CT-000178, attached hereto as Exhibit C.
[89] In *Gleghorn*, the plaintiff was employed by ACBL affiliate, ACL Transportation Services LLC ("ACLTS").
[90] *See* Exhibit C, p. 3.
[91] *See* Exhibit C. p. 3.
[92] *See* Exhibit C, p. 4.
[93] *See* Order Finding Incorrect Venue filed in *Gleghorn v. American Commercial Barge Line, LLC, et al.*, Civ. No. 10C02-1610-CT-000178, attached hereto as Exhibit D.

receipt of PCP is wholly unrelated to: (1) plaintiff's continued employment with ACBL; or (2) ACBL's payment of maintenance and cure payment for Jones Act claims.

Furthermore, as in *Brister, Girdler* and *Gleghorn*, *supra*, the agreement and, in particular, the forum selection clause at issue is unambiguous, and even a cursory reading of the clause refutes the possibility of any misunderstanding. The clause clearly provides that if plaintiff were to file suit relating to the alleged October 2015 incident, the same "will only be filed in the U.S. District Court for the Southern District of Indiana, New Albany Division." Moreover, like in *Smith* and *Taylor*, the agreement entered between plaintiff and ACBL represents a valid bargained for exchange. Specifically, plaintiff received benefits he was otherwise not entitled to, and in turn, agreed to limit himself regarding the choice of forum.

Moreover, there is no basis for the argument that the United States District Court for the Southern District of Indiana, New Albany Division is unreasonable and inconvenient that it would deprive plaintiff of his day in court. ACBL's principal place of business is located in Jeffersonville, Indiana, which is located both within Clark County and the Southern District of Indiana. As ACBL is headquartered within the agreed upon forum, it is not unreasonable for the matter to be brought there.

Lastly, as in *Brister* and *Girdler*, the subject forum selection clause is not the product of fraud or overreaching. There is no public policy implication or derogation in enforcing the subject forum clause. Under Louisiana law, as well as Maritime law, forum selection clauses are presumptively valid, as articulated by the Supreme Court in *M/S Bremen*.[94] Further, like in *Smith* and *Taylor*, the ACBL PCP Application is not a "release," and does not dispose of any claims, damages or rights plaintiff may have. To the contrary, plaintiff has not relinquished any of his rights through the PCP application, but only agreed to a specific forum in return for supplemental wages. As plaintiff's "substantive rights" are unaffected by enforcement of the

---

[94] *See Lejano v. Bandak*, 97-0388 (La. 12/12/97), 705 So.2d 158, 166-67 (recognizing that Louisiana supports the presumption of validity of forum selection clauses), *cert. denied*, 525 U.S. 8154, 119 S.Ct. 52 (1998).

forum selection clause, this matter should be dismissed without prejudice to be filed in the agreed upon forum.[95]   Accordingly, ACBL hereby respectfully requests that the Court enter an Order dismissing the instant case, without prejudice, for improper venue.

C.  **Alternatively, pursuant to 28 U.S.C. §1404(a), ACBL Requests Transfer of this action to the United States District Court for the Southern District of Indiana, New Albany Division**

In the alternative, should the Court decline to dismiss this action, ACBL respectfully requests that the Court should transfer this suit to the United States District Court for the Southern District of Indiana, New Albany division pursuant to 28 U.S.C. § 1404(a).  A forum selection clause may be enforced through a motion to transfer under 28 U.S.C. § 1404(a).[96] Specifically, 28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[97]

Although federal courts ordinarily accord a plaintiff's forum choice considerable weight, the presence of a forum selection clause mandates a different analysis.[98]   As a valid forum selection clause should be given controlling weight in all but the most exceptional cases, the existence of a mandatory, valid forum selection clause simplifies the 1404(a) analysis in two ways: (1) the "plaintiff's choice of forum merits no weight" because, by contracting for a specific forum, "the plaintiff has effectively exercised its 'venue privilege' before a dispute arises;" and

---

[95] *See* Exhibit B, *Taylor v. TECO*, p. 18-19; *Smith v. TECO Ocean Shipping, Inc.,* 2004 WL 1638111, *3 (E.D. La. 2004).

[96] *See Atlantic Marine Construction Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S.Ct. 568, 579 (2013).

[97] 28 U.S.C. § 1404(a).

[98] *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) (holding that the presence of a forum selection clause in a contract must be considered a significant and central factor in this Court's determination of the requested forum transfer pursuant to 28 U.S.C. §1404(a)); *see also, Shaw Group v. Natkin & Company*, 907 F. Supp. 201, 204 (M.D. La. 1995), *quoting In Ricoh Corporation*, 870 F.2d 570 (11 Cir. 1989) ("It held that where the parties have entered into a contract which contains such a clause, the burden of persuasion to establish that the suggested forum is more convenient shifts to the non-movant since the moving party is not trying to limit the plaintiff's right to choose a forum, but is merely attempting to enforce the forum choice the plaintiff has already made."); *Berg v. Sage Environ. Consulting of Austin, Inc.*, 381 F. Supp. 2d 552 (M.D. La. 2005).

(2) the private-interest factors "weigh entirely in favor of the preselected forum," so that the "district court may consider arguments about public-interest factors only."[99]  Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.[100]

"[E]nforcement of valid forum-selection clauses…protects [the parties] legitimate expectations and furthers vital interests of the justice system."[101]  To allow, and thus encourage, parties to breach their contractual obligations would "jeopardize the integrity of the judicial system," and would be contrary to the interests of justice.[102]  Accordingly, the presence of an agreed forum selection clause is considered critical to, and perhaps the most important factor in a court's §1404(a) venue transfer analysis.[103]

Should the Court decline to dismiss this action under Federal Rule 12(b)(3), ACBL submits that 28 U.S.C. §1404(a) mandates that this case be transferred to the United States District Court for the Southern District of Indiana, New Albany Division for the convenience of the parties and witnesses, and in the interest of justice.  Specifically, when plaintiff signed the written agreement with ACBL and received payment, he contractually obligated himself to bring any lawsuit in the United States District Court for the Southern District of Indiana, New Albany Division.  Further, plaintiff recognized that the Southern District of Indiana, New Albany Division was a more convenient forum by virtue of his agreement to the forum selection clause.[104]

Further, as ACBL is headquartered in Jeffersonville, Indiana, which is located within the Southern District of Indiana, New Albany Division, all documentary evidence regarding

---

[99] See Atlantic Marine Construction Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas, 134 S.Ct. 568, 581-82 (2013).
[100] See id.
[101] See id. at 581, quoting Stewart, 487 U.S. at 33; see also, Berg v. Sage Environ. Consulting of Austin, Inc., 381 F. Supp. 2d 552 (M.D. La. 2005).
[102] See Berg v. Sage Environ. Consulting of Austin, Inc., 381 F. Supp. 2d 552, 557 (M.D. La. 2005).
[103] See id. at 552; see also Shaw Group, Inc. v. Natkin & Co., 907 F.Supp. 201, 205-206 (M.D. La. 1995); In Ricoh Corporation, 870 F.2d 570 (11th Cir. 1989).
[104] See Shaw Group, Inc. v. Natkin & Co., 907 F.Supp. 201, 204 (M.D. La. 1995); Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3 Cir. 1995) ("[A] forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum.").

employment and vessel records, and relative corporate witnesses are located in Jeffersonville, Indiana, which weighs in favor of the Southern District of Indiana as a more convenient forum. As one of the parties resides in the agreed upon forum, and plaintiff specifically agreed to bring suit in that forum, it is presumptively reasonable and will not result in any prejudice or inconvenience to transfer this matter to the agreed upon forum.  For these reasons, and in the alternative, ACBL respectfully requests that the Court transfer this matter to the U.S. District Court for the Southern District of Indiana, New Albany Division.

## III.   <u>Conclusion</u>

In consideration of the receipt of wages pursuant to ACBL's Pay Continuance Plan, plaintiff, after the subject incident, agreed that any claim or lawsuit against ACBL relating to his alleged injury, must be filed in the United States District Court for the Southern District of Indiana, New Albany Division.   Forum selection clauses in post-injury written agreements, such as the one at issue here, have been consistently upheld and enforced by this Court.  Plaintiff specifically violated the forum selection clause by filing the instant suit in the Eastern District of Louisiana.  As plaintiff is bound by the valid and enforceable forum selection clause, and agreed to pursue any litigation relating to his alleged injury in the United States District Court for the Southern District of Indiana, New Albany Division, it is the proper forum.

Accordingly, ACBL respectfully requests that the Court dismiss this suit without prejudice in favor of the agreed upon forum.  Alternatively, ACBL requests that the Court transfer the instant action to the United States District Court for the Southern District of Indiana, New Albany Division.

**WHEREFORE**, Defendant, American Commercial Barge Line LLC prays that this Honorable Court grant its Motion to Dismiss and issue an Order dismissing the instant action for improper venue, without prejudice, or in the alternative, transfer to the United States District Court for the Southern District of Indiana, New Albany Division.

Respectfully submitted,

**FRILOT L.L.C.**

*/s/ Lauren A. Guichard*
**PATRICK J. MCSHANE T.A. (#19055)**
**DANICA BENBOW DENNY (#27376)**
**KATHLEEN P. RICE (#31291)**
**LAUREN A. GUICHARD (#35800)**
1100 Poydras Street, Suite 3700
New Orleans, LA 70163-3600
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
E-mail: pmcshane@frilot.com
dbenbow@frilot.com
krice@frilot.com
lguichard@frilot.com
***Attorneys for American Commercial Barge***
***Line LLC***

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record by electronic transmission through the United States District Court's CM/ECF system this 30th day of April, 2017.

*/s/ Lauren A. Guichard*