UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERIC TAYLOR                                                    CIVIL ACTION

VERSUS                                                         NO. 06-6094

TECO BARGE LINE, INC., ET AL.                                  SECTION: "K"(1)


MEMORANDUM AND ORDER

Before the Court is a Motion to Transfer Venue (Rec. Doc. 13) ("Mot. Transfer") by

Defendant TECO Barge Line, Inc. ("Teco"). After having reviewed the motion, the responses

by Plaintiff Eric Taylor ("Taylor"), and the applicable law, this Court has concluded that transfer

of venue is appropriate, and therefore will grant the Defendant's motion.


I. BACKGROUND

This case arises out of an alleged injury sustained by the Plaintiff "on or about November

2005" while employed by Teco as a crewmember aboard its vessel, the M/V Diane Oak, also a

named defendant. State Court Petition at 2 ("Pet."). The alleged injury occurred while the

vessel was deployed on navigable waters in Davant, Louisiana, which is located within the

Eastern District of Louisiana. *Id.* It is alleged that Plaintiff injured his back and other parts of

his body while lifting a pump aboard the M/V Diane Oak. *Id.* Plaintiff filed this suit on August

2, 2006 in the 25th Judicial District Court of Plaquemines Parish, Louisiana, alleging that his

injuries were sustained due to the negligence of the Defendant. On September 15, 2006,

1



Defendant removed the case to the United States District Court for the Eastern District of

Louisiana pursuant to 28 U.S.C. § 1441(a).[1]  Notice of Removal at 1 (Rec. Doc. 1) ("Not.

Removal").  Defendant seeks to transfer this matter to either the United States District Court for

the Western District of Kentucky or the United States District Court for the Western District of

Tennessee based on the parties' agreed upon forum selection clause, or alternatively, pursuant to

28 U.S.C. § 1404(a).[2]  Mot. Transfer at 1.

Defendant claims that a valid and enforceable forum selection agreement exists between

the parties which requires transfer to the United States District Court for the Western District of

Kentucky, Paducah Division. Mot. Transfer at 3.  The subject forum selection clause is contained

in a Vessel Wage Continuation Plan ("VWCP") Application signed by the Plaintiff on December

7, 2005, at least one week after his injury occurred.  It reads:

---

[1]The Court notes that the Plaintiff invoked the savings-to-suitors clause in his state court petition.  Pet. at 1.  The clause allows a plaintiff to maintain a federal action in state court, and essentially prevents removal.  *See In re Dutile*, 935 F.2d 61, 62 n.1 (5th Cir. 1991) ("The saving-to-suitors clause allows state courts to exercise concurrent jurisdiction over common-law claims arising in maritime contexts, including claims under the Jones Act.").  Despite this clause, the Defendant removed this action to federal court.  However, the Plaintiff has not sought remand, and he has not otherwise invoked the saving to suitors clause.  Thus, this Court deems that issue waived.  *See Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 787 (5th Cir. 1993) ("If a plaintiff initially could have filed his action in federal court, yet chose to file in state court, even if a statutory provision prohibits the defendant from removing the action and the defendant removes despite a statutory proscription against such removal, the plaintiff must object to the improper removal within thirty days after the removal, or he waives his objection.").

[2]Defendant originally requested that this Court transfer this action to the Western District of Kentucky, Paducah Division.  Mot. Transfer at 1.  However, Defendant, in its reply to Plaintiff's opposition, additionally requested that this Court transfer the matter to the Western District of Tennessee as an alternative more convenient forum.  Reply Mem. in Support of Motion to Transfer at 1.  Because this Court concludes that the Western District of Kentucky is an acceptable forum, this Court will not consider the availability of the Western District of Tennessee.

I also agree that all suits involving the Wage Continuation Plan or any work related injury or occupation illness shall be brought in the courts nearest TECO Barge Line, those being the United States Federal Sixth Circuit Western Kentucky located in Paducah, Kentucky or the Circuit Court of the First Judicial Circuit of Massac County in the State of Illinois to the exclusion of any other courts or jurisdictions.

Plaintiff VWCP Application (Mot. Transfer, Ex. F).

There appears no factual dispute that the Plaintiff completed and signed the VWCP Application with the forum selection clause in consideration for receipt of benefits that Plaintiff was eligible for due to the alleged injury he sustained while employed by Defendant. Mot. Transfer at 3. Defendant argues that the Plaintiff's post-injury agreement to and ratification of the forum selection clause requires a transfer to the designated forum. *Id.* at 4. Alternatively, Defendant contends that 28 U.S.C. §1404(a) mandates transfer of this action for the convenience of the parties and witnesses, and in the interest of justice. Mot. Transfer at 7. In opposition to Defendant's contentions, Plaintiff argues that the forum selection clause is invalid and unenforceable because the clause violates the strong public policy of protecting seaman. Plaintiff's Response at 3 (Rec. Doc. 15) ("Pl. Resp."). Plaintiff further opposes any transfer subject to § 1404 because this forum is not less convenient than the Western District of Kentucky and since the injury took place within the Eastern District of Louisiana this Court should allow the case to stay here.

## II. ANALYSIS

The Defendant seeks to move this case to Kentucky or Tennessee by one of two vehicles: (1) the forum selection clause, and (2) under § 1404. Generally, where a federal court refuses to hear a case solely due to a forum selection clause, the proper resolution is dismissal under

Federal Rule of Civil Procedure for improper venue, instead of transfer.[3] *See Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005) (stating "our court has treated a motion to dismiss based on a forum selection clause as properly brought under Rule 12(b)(3) (improper venue)"). District courts have noted that transfer pursuant to § 1404 is a preferable means to enforce a forum selection clause, as it does not require the more draconian remedy of dismissal. *Bereola v. Holland America Line, Inc.*, No. C. 07-03770 SI, 2008 WL 149131, at *3 (N.D. Cal. Jan. 14, 2008) (holding transfer under § 1404 more preferable than forum selection clause dismissal because dismissal would result in claim being time-barred); *Lurie v. Norwegian Cruise Lines, Ltd.*, 305 F. Supp. 2d 352, 365 (S.D.N.Y. 2004) (transfer preferable instead of dismissal which would "require the parties to start over at the beginning in the Southern District of Florida"). Considering that this Court is vested with the power "to decide the order in which to hear and decide pending issues," this Court will decide whether to transfer pursuant to § 1404 first. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998).

## A. Transfer Under 28 U.S.C. § 1404(a)

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A court must perform a two-pronged analysis

---

[3]Some discord exists among federal courts as to which part of Rule 12 applies to dismissals warranted by forum selection clauses. *See Lambert v. Kysar*, 983 F.2d 1110, 1112 n.1 (1st Cir. 1993) (noting dismissals for forum selection clauses "are founded on Rule 12(b)(6)"); see also *Alternative Delivery Solutions, Inc. v. R.R. Donnelley & Sons Co.*, No. Civ. SA05CA0172-XR, 2005 WL 1862631, at *3 (W.D. Tex. July 8, 2005) (collecting cases and noting circuit split on "whether Rule 12(b)(1) or 12(b)(3) is the proper motion for seeking dismissal based on a forum selection or arbitration clause").

to make this determination.  The preliminary question is whether the suit could have been originally filed in the transferee forum.  *In re Volkswagen of America, Inc.*, 506 F.3d 376, 380 (5th Cir. 2007); *see Rubin v. Automotive Investments, LLC*, No. Civ. A. 04-1579, 2005 WL 1578404, at *1 (E.D. La. June 29, 2005).  Next, the court must determine whether "good cause" is shown that the transfer serves "the convenience of the parties and witnesses," and whether it is "in the interest of justice."  *In re Volkswagen*, 506 F.3d at 380, 384.  Here, the Plaintiff does not contest that this case could have been filed in the Western District of Kentucky.[4]  Therefore, this Court turns to the second factor.

Pursuant to 28 U.S.C. § 1404(a), the trial court may, in its discretion, transfer a case "[f]or the convenience of the parties and witnesses, in the interest of justice."  Recently, in *In re Volkswagen of America, Inc.*, 506 F.3d 376 (5th Cir. 2007), the Fifth Circuit enunciated the legal standards for a trial court's review of a § 1404(a) motion to transfer.  Particularly, the court stated that a district court should consider various private and public interest factors, "none of which can be said to be of dispositive weight."  *Id.* at 380, *citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004).  The court then enumerated the factors it deems relevant:

> The private interest factors are: "(1) the relative ease of access to sources of proof;
> (2) the availability of compulsory process to secure the attendance of witnesses;

---

[4]It should be noted that this matter most likely could be filed in the Western District of Kentucky if the forum selection clause is indeed valid because the clause would waive any objection to personal jurisdiction or to venue. *See ELA Medical, Inc. v. Arrhythmia Mgmt. Assocs., Inc.*, Civ. No. 06-3580, 2007 WL 892517, at *5 (D. Minn. Mar. 21, 2007) ("Venue, like personal jurisdiction, are both 'personal privileges of the defendant . . . and both may be waived by the parties.'") (quoting *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 2715, 61 L.Ed.2d 464 (1979)).

(3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law."

*In re Volkswagen*, 506 F.3d at 380, *quoting In re Volkswagen* AG, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S.Ct. 252, 259, 70 L.Ed.2d 419 (1981)). Additionally, the Fifth Circuit noted that the plaintiff's choice of forum is also among the factors to be considered under the § 1404(a) transfer analysis. *In re Volkswagen*, 506 F.3d at 380. After discussing the conflicting panel opinions addressing the proper degree of deference to be given to a plaintiff's choice of forum, the court pronounced the following legal standard: "Plaintiff's choice of forum is entitled to deference . . . but when the transferee forum is clearly more convenient, a transfer should be ordered." *Id.* at 384. Furthermore, the court clarified that the district court is *not* required to show that the balance of convenience and justice substantially weighs in favor of transfer. *Id.* The court noted that this higher standard is intended for forum non conveniens cases where dismissal is warranted. *Id.* at 383. It explained further that, although the factors are the same, the district court is permitted "broader discretion" in the § 1404(a) context than in the forum non conveniens context, and therefore courts need not apply the stricter forum non conveniens standard. *Id.* The circuit court stated that absent exceptional circumstances, district courts in its circuit "must consider motions to transfer under the rubric [it has provided]." *Id.* at 380 n.1.

In this case, Plaintiff does not reside in his chosen forum, nor is the chosen forum Defendant's principal place of business or state of incorporation. Nevertheless, Plaintiff

6

contends that he chose to bring this suit in this District because the alleged accident occurred here and Defendant conducts a substantial amount of business here. Pl. Resp. at 10. Plaintiff further contends that his choice "is the most important venue consideration" and he further claims that "[u]nless the balance of factors strongly favors the moving party, the plaintiff's choice of forum generally should not be disturbed." *Id.*, *citing Carpenter v. Parker Drilling Offshore USA, Inc.*, No. Civ. A. 05-265, 2005 WL 1432373, at *2 (E.D. La. 2005) (Barbier, J.). However, in light of *In re Volkswagen*, the appropriate legal standard is whether the transferee forum is "clearly more convenient," or in other words, whether Defendant has "shown good cause" that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *In re Volkswagen*, 506 F.3d at 381. Thus, this Court will first consider the private and public factors to determine whether Defendant carries this burden in seeking a § 1404(a) transfer.

### 1. Private Interest Factors

The first private interest factor is the "relative ease of access to sources of proof." *In re Volkswagen*, 506 F.3d at 380. Here, this factor weighs in favor of transfer. Defendant contends that all documentary evidence regarding employment and vessel records, and relative corporate witnesses are located in Metropolis, IL, which is 13 miles from Paducah, KY. Mot. Transfer at 17. Defendant concludes that this weighs in favor of the Western District of Kentucky as a more convenient forum. *Id.* Plaintiff counters this by arguing that this case will not be a document-intensive case and that further, case law indicates that courts give little weight to the location of books and records in Jones Act personal injury actions. Pl. Resp. at 11 (citing *Holmes v. Warrior & Gulf Navigation Co.*, 2004 WL 1774615, at *6 (E.D. La. 2004)).

7

As to the documents, this Court finds that this factor does weigh in favor of transfer because it is the ease of access to sources of proof that is at issue. It is yet to be seen whether or not this case will be "document-intensive," however, regardless of that fact the documentary evidence relative to the corporation and its representative as well as to the Plaintiff's initial treating physicians and physical therapists is located closer to the transferee forum. *See Timebase Pty Ltd. v. Thompson Corp.*, No. 07 C 460, 2007 WL 772946, at *2 (N.D. Ill. Mar. 9, 2007) (finding transfer appropriate where "[n]o sources of proof are located in Illinois and all of Thomson's evidence is in Minnesota," and where "Thomson's employees and the people most knowledgeable about this case are located in Minnesota."); *see also Byerson v. Equifax Information Servs., L.L.C.*, 467 F. Supp. 2d 627, 634 (E.D. Va. 2006) (finding transfer inappropriate where evidence was available in present forum and defendants "pointed to no sources of proof located in" transferee forum). In contrast to the evidence available in or near Western Kentucky, it appears that little to no evidence would be found within the Eastern District of Louisiana. Although the precise weight of this factor may be subject to debate, as contended by Plaintiff, this Court finds it does weigh in favor transfer.

The second private interest factor is the availability of compulsory process to secure the attendance of witnesses. All material party and non-party witnesses, as identified by Defendant, reside more than 100 miles from this District. Thus, trial subpoenas for all non-party witnesses in this case would be subject to motions to quash under Federal Rule of Civil Procedure 45(c)(3).[5] Further, all non-party witnesses are outside the District's subpoena power for

---

[5]Rule 45(c) provides the following:
**(c) Protecting a Person Subject to a Subpoena.**
. . .

Case 2:06-cv-06094-SRD-SS   Document 28   Filed 02/12/08   Page 9 of 20

(3) Quashing or Modifying a Subpoena.

    (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

        (i) fails to allow a reasonable time to comply;

        (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

        (iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

        (iv) subjects a person to undue burden.

    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

        (i) disclosing a trade secret or other confidential research, development, or commercial information;

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

        (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or

deposition under Federal Rule of Civil Procedure 45(c)(3)(A)(ii).  Defendant contends that the

transferee forum is more convenient due to this Court's lack of absolute subpoena power and

because fifteen of the twenty-four identified material witnesses are located in or within 100 miles

of the Western District of Kentucky, Paducah Division and thus, within its subpoena power.  *See*

Mot. Transfer at 9-17.  Indeed, this Court recognizes that it could choose not to quash subpoenas

and instead provide reasonable compensation to witnesses outside the district, but this fact does

not rectify the inconvenience in traveling to this courthouse in New Orleans.  *See In re*

*Volkswagen*, 506 F.3d at 385 ("That the district court can deny motions to quash does not

address concerns regarding the convenience of parties and witnesses.  Indeed, this rationale

simply asserts that a district court, at some burden to the parties, will likely be able to enforce an

option that is inconvenient to witnesses.  This factor, then, also weighs in favor of transfer.").

The Plaintiff contends that the only essential witnesses who are beyond the subpoena

power of this Court are the treating doctors and two "miscellaneous witnesses."  The Plaintiff

suggests this testimony can be taken by deposition while being videotaped and replayed at trial.

Video depositions have been used for expert medical witnesses, and some courts have found it

---

modifying a subpoena, order appearance or production under specified
conditions if the serving party:

> **(i)** shows a substantial need for the testimony or material that
> cannot be otherwise met without undue hardship; and

> **(ii)** ensures that the subpoenaed person will be reasonably
> compensated.

Fed. R. Civ. P. 45(c).

more useful than live testimony. *See Colantonio v. Hilton Int'l Co.*, No. Civ. A. 03-1833, 2004

WL 1810291, at *6 (E.D. Pa. Aug. 13, 2004) (noting "expert medical testimony is frequently

offered by way of video depositions and often proves more cost effective and expeditious than

live testimony.") (citation omitted).  However, live testimony is almost universally preferred

over a video deposition. *See United Rentals, Inc. v. Pruett*, 296 F. Supp. 2d 220, 229 (D. Conn.

2003) (rejecting use of video depositions in lieu of live testimony in considering § 1404 transfer

motion "because of the expense involved, and because counsel would be unable to sharpen their

questioning at trial based on a considered review of the deposition, or alter the scope of

questioning to reflect unanticipated trial developments."); *see also Corkern v. Outback

Steakhouse of Fla., Inc.*, Civ. A. No. 05-5497, 2007 WL 1772031, at *2 (E.D. La. June 18, 2007)

(Vance, J.) (rejecting presentation of video deposition instead of live testimony where witness

was within 100 miles of courthouse and proponents "have not presented any facts that warrant

the use of a deposition in place of live testimony").  Even the courts that have extolled the

benefit of video depositions have still given deference to parties that seek live testimony. *See

Colantonio*, 2004 WL 1810291, at *6 (giving "some weight" to the fact that medical witnesses

resided in Pennsylvania).  Thus, this Court is persuaded that preference, if any, should be for live

testimony in all cases.  Of the nine witnesses that reside more than 100 miles outside of the

Western District of Kentucky, Paducah Division, two are Defendant's employees, and are under

the Defendant's control and can be summoned to testify.  In the final tally, seven non-party

witnesses reside outside the subpoena power of the Western District of Kentucky's, while all

non-party witnesses are beyond this District's subpoena power.  Therefore, this Court finds that

this factor weighs in favor of transfer.

11

The third private interest factor is the cost of attendance for willing witnesses. For the reasons stated above, the Court finds that this factor weighs in favor of transfer. As noted, none of the witnesses, including Plaintiff, reside in or within 100 miles of this District. The Fifth Circuit has set a "100-mile threshold" to be followed by district courts when reviewing § 1404(a) motions. *See In re Volkswagen*, 506 F.3d at 386. The court stated: "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increase in direct relationship to the additional distance to be traveled." *Id.*, *quoting Volkswagen I*, 371 F.3d at 204. The court further noted that it was an "obvious conclusion" that it is more convenient and less expensive for witnesses to testify at or closer to home. *In re Volkswagen*, 506 F.3d at 386. In this case, fifteen of the identified material witnesses reside in or within 100 miles of the Western District of Kentucky, Paducah Division; two of the witnesses that reside outside of the 100-mile radius are employees of Defendant; and the remaining seven witnesses that reside outside of the 100-mile radius reside closer to the proposed venue. As a result, this factor weighs in favor of transfer.

The fourth private interest factor concerns the "other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen*, 506 F.3d at 380. This Court's review of other circumstances relevant to the convenience of the parties militates this factor in favor of transfer. Defendant contends that view of the accident premises is more convenient in the Western District of Kentucky because the vessel upon which Plaintiff alleges his injury took place operates out of Metropolis, IL, which is thirteen miles from the Paducah Division. Mot. Transfer at 18. Defendant further asserts that if the vessel were present in the Eastern District of Louisiana during the pendency of this suit, it would only be present while in transit and

12

furthermore its presence cannot be accurately and sufficiently determined in advance. *Id.*

Finally, Defendant contends that inspection of the vessel in Metropolis, IL would be much more

efficient, inexpensive and cause little or no disruption than if held in New Orleans. Plaintiff

replies that the fact that the wrong actually occurred within the Eastern District of Louisiana

musters in favor of the case remaining here. Pl. Resp. at 13. The alleged accident in this matter

indeed took place within the Eastern District of Louisiana; however, it occurred on board a

vessel traveling on the Mississippi River. There is no allegation that the location had any effect

on the Defendant's injury. Instead, he simply claims that his captain "ordered him to lift a pump

in excess of 150 pounds by himself."[6]  Pl. Orig. Pet. at 2. Therefore, it is the vessel M/V Diane

Oak, and not the Eastern District of Louisiana, that was the essential location for this accident.

Since viewing the vessel in Metropolis, IL, a location thirteen miles from the Paducah Division,

is an issue that makes trial of this case "easy, expeditions and inexpensive," this factor militates

in favor of transfer for convenience of the parties.


### 2. Public Interest Factors

The first public interest factor to be considered is the administrative difficulty flowing

from court congestion. Defendant contends that this District's docket has become extremely

---

[6]     *See* Pl. Original Pet. at 2 ("This lawsuit is necessary as a result of personal
injuries that Plaintiff received . . . [while] employed by Defendants as a deckhand aboard the
M/V Diane Oak . . . owned . . . by Defendants. While the M/V Diane was deployed on navigable
waters in Davant, Louisiana . . . and while Plaintiff was contributing to and aiding such vessel to
accomplish its mission, Plaintiff sustained serious injuries when he injured his back as a result of
Defendants' negligence. Specifically, Defendant's crew negligently rushed a job . . . and the
Captain ordered him to lift a pump in excess of 150 pounds by himself. As a result of
Defendants' negligence, Plaintiff has injured his back and other parts of his body.").

13

congested with litigation related to Hurricanes Katrina and Rita.  Mot. Transfer at 20 (citing

*Jackson v. Warrior & Gulf Navigation Co.*, Civ. A. No. 06-8017, 2007 WL 640391, at *2 (E.D.

La. Mar. 1, 2007) (Barbier, J.); *O'Neil Prods., Inc. v. ABC Sports, Inc.*, Civ. A. No. 06-10804,

2007 WL 1169357, at *5 (E.D. La. Apr.19, 2007) (Berrigan, J.)).  Plaintiff counters that there

has been no showing or allegation of backlog in the Eastern District.  Pl. Resp. at 14.  Here, the

Defendant is correct.  This Court's docket currently encompasses some 1650 cases, mostly

arising from Hurricane Katrina-related injuries.  The other sections of the Eastern District of

Louisiana have dockets averaging approximately 650 cases, up from pre-Katrina levels of around

250-300 cases per section.  *See Jackson*, 2007 WL 640391, at *2 (finding transfer appropriate

where "recent onslaught of Hurricane Katrina related litigation has caused a spike in cases in the

Eastern District of Louisiana, over 11,000 filed in 2006.").  Neither side has provided any

information regarding the relative court congestion in the Western District of Kentucky, Paducah

Division, however the Administrative Office of the United States Courts provides annual

caseload data that can be used for such comparison.  *See AXA Re-Property and Casualty*

*Insurance Company v. Tetra Technologies, Inc.*, Civ. A. No. 02-1968, 2002 WL 31738816, at *6

(E.D. La. Nov. 27, 2002) (Duval, J.) (utilizing case load statistics to determine forum congestion

in motion to transfer context).  In the twelve month period ending on March 31, 2007, the

Administrative Office reported that the Western District of Kentucky had 1,404 civil cases

pending, while civil cases pending in the Eastern District of Louisiana totaled 14,977.[7]  The

---

[7]Administrative Office of the U.S. Courts, U.S. District Courts - Civil Cases
Commenced, Terminated, and Pending 2007 and 2007, *at*
http://www.uscourts.gov/caseload2007/tables/C00Mar07.pdf.  According to this measurement,
the Eastern District of Louisiana is presently the third-busiest court in the nation, surpassed only
by the Southern District of New York and the Eastern District of Pennsylvania.  It should be

14

Court is adequately persuaded that, due to hurricane-related litigation, the docket of the Eastern

District of Louisiana presently is larger than that of the Western District of Kentucky.

The second public interest factor to be considered is the local interest in having localized

controversies decided at home. Defendant does not address this issue but Plaintiff contends that

since the alleged accident occurred in this District and the Defendant does business here, this

factor weighs in favor of the existing forum. Pl. Resp. at 14. As stated earlier, the geographic

situs of the alleged accident in this case is of little consequence when the alleged injury occurred

on a moving vessel that involved conduct solely on board the vessel. *See Speed v. Omega*

*Protein, Inc.*, 246 F. Supp. 2d 668, 675 (S.D. Tex. 2003) (giving "less consideration to this factor

[of location of alleged wrong] since the accident did occur offshore in the Gulf of Mexico").

Furthermore, neither party in this case is local to the Eastern District of Louisiana and none of

the sources of proof are likely to flow from this District. On the other hand, neither the

controversy nor the parties are local to the Western District of Kentucky. While most witnesses

reside nearer to the Western District of Kentucky, a smaller number actually reside within the

District. Likewise, the sources of proof alleged by Defendant are nearer to, but not within the

District. Based on the totality of these circumstances, this Court finds that this factor is neutral.

The remaining factors regarding choice of law and conflict of laws are neutral in this

maritime action. The present case is based on the Jones Act, which authorizes a federal cause of

action at 46 U.S.C. § 30104, and there appears to be no allegation that state law may be applied

here. Therefore, the judges of the Western District of Kentucky are as capable as this Court in

---

noted, however, that this caseload represented an 82% increase from the previous year. Again,
Hurricane Katrina rears its ugly head.

Case 2:06-cv-06094-SRD-SS   Document 28   Filed 02/12/08   Page 16 of 20

handling this application of federal law. *See Jackson*, 2007 WL 640391, at *2 (noting

"remaining factors regarding jury and choice of law are neutral in this maritime action" and

finding transfer appropriate in Jones Act injury claim).

The foregoing analysis reveals that the private interest factors in this case weigh in favor

of transfer and the public interest factors are neutral. This Court finds that Defendant has shown

"good cause" that transfer "[f]or the convenience of parties and witnesses, in the interest of

justice" is warranted. *In re Volkswagen*, 506 F.3d at 384. Since Defendant has met its burden in

seeking a § 1404(a) transfer, it has overcome the deference otherwise accorded Plaintiff's choice

of forum and the transfer is warranted.


**B.  Validity of the Forum Selection Clause**

In the alternative, Defendant contends that this Court should enforce the forum selection

clause contained in the VWCP Application signed by the Plaintiff. This Court finds that the

agreed forum selection clause is valid and enforceable for the following reasons.

"A forum selection clause is a contractual waiver of the right to seek transfer or dismissal

based on the parties own inconvenience." *Calix-Chacon v. Global Int'l Marine, Inc.*, 493 F.3d

507, 515 n.5 (5th Cir. 2007). The Supreme Court has held that in the admiralty law context

forum selection clauses are presumptively valid and must be enforced unless enforcement is

shown to be unreasonable and unjust, or otherwise invalid due to fraud or overreaching. *M/S*

*Bremen v. Zapata Offshore Co*, 407 U.S. 1, 11, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972).

Furthermore, there is a strong presumption in favor of enforcement and a valid clause is given

weight "in all but most exceptional circumstances." *Marinechance Shipping Ltd. v. Sebastian*,

16

143 F.3d 216, 220 n .16 (5th Cir. 1998).  A party challenging the enforcement of the clause must make a strong showing that the clause should be set aside.  *The Breman*, 407 U.S. at 15, 92 S.Ct. at 1916.  A strong showing requires the challenging party to prove that trial in the contractual forum "would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."  *Id.* at 18, 92 S.Ct. at 1917.

The Court finds that the forum selection clause is not invalid due to fraud or overreaching.  Defendant contends, and Plaintiff does not dispute, that Plaintiff contemplated and signed the VWCP Application form that contained the clause in consideration for his receipt of benefits due to the alleged injury he suffered while employed by Teco.  Mot. Transfer at 3.  This Court takes particular notice that Plaintiff availed himself of these optional post-injury benefits and that he was not required to do so.  *See* Mot. Transfer at 5.  In consideration of these benefits, Plaintiff agreed that if he filed suit for the injuries at issue, he would do so in the agreed upon forum.  This agreement represents a valid bargained for exchange: Plaintiff received benefits he was otherwise not entitled to, and in turn, agreed to limit himself regarding choice of forum.  Therefore, this Court finds that the subject forum selection clause is not the product of fraud or overreaching.

Second, this Court finds that the forum selection clause is not unreasonable or unjust in that Plaintiff has not made the required strong showing that trial in the Western District of Kentucky "would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."  *The Breman*, 407 U.S. at 18, 92 S.Ct. at 1917.  Plaintiff does not address this issue in its Response.  Nevertheless, the Court's foregoing analysis of private interest factors, which favor transfer, reveal that it would not be so gravely difficult and

inconvenient to litigate this case in the Western District of Kentucky, Paducah Division that

Plaintiff would be deprived of his day in court. This Court thus finds that Plaintiff has not made

the strong showing required to set aside this forum selection clause.

Finally, this Court finds that this forum selection clause does not offend public policy.

Directly on point is *Smith v. TECO Ocean Shipping, Inc.*, Civ. A. No. 04-0445, 2004 WL

1638111, at *1 (E.D. La. July 20, 2004) (Porteous, J.), in which the plaintiff filed suit against his

employer pursuant to the Jones Act and general maritime law seeking to recover injuries

allegedly sustained in the course of his employment. Defendant moved to dismiss the suit with

prejudice pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue based on a forum selection

clause. *Id.* The forum selection clause was contained in a VWCP Application, signed after

injury and nearly identical to the one signed by the Plaintiff in this case. *Id.* The court

concluded that the forum selection clause was enforceable because it was part of a post-injury

benefits package rather than part of the employment contract. *Id.* at *3. Moreover, because the

forum selection clause was not in the form of a release, it had "no effect upon plaintiff's

substantive rights." *Id.* Nearly identical to *Smith*, in the present case the Plaintiff signed a

VWCP Application that contained a forum selection clause *after* his injury occurred rather than a

provision in a pre-accident employment contract. The Plaintiff also has not relinquished his

rights in the VWCP Application, instead simply agreeing to another forum within the United

States judicial system, and therefore his "substantive rights" are unaffected here.

Nevertheless, Plaintiff, relying on *Boutte v. Cenec Towing, Inc.*, 346 F. Supp. 2d 992

(S.D. Tex. 2004), contends that this forum selection clause is invalid and unenforceable because

it violates the strong public policy of protecting seaman. In *Boutte*, the court held that choice of

18

forum agreements in employment contracts between seaman and their employers are unenforceable because, *inter alia*, the Jones Act specifically incorporates the Federal Employers Liability Act ("FELA"), and forum selection clauses are impermissible under FELA. *Id.* at 929, 932. While this Court recognizes Plaintiff's reasoning and case law supporting the notion that forum selection clauses are unenforceable in *employment contracts*, the present case involves a post-injury *benefits agreement*. In fact, the *Boutte* court distinguished *Smith*, holding that such public policy concerns do not apply where the forum selection clause is "part of a post-accident settlement, not part of the seaman's pre-accident employment contract." *Id.* at 931. Thus, *Boutte* itself does not support Plaintiffs argument that this forum selection clause violates public policy.

## III. CONCLUSION

The Court therefore finds that this case may be transferred under § 1404(a), or alternatively dismissed because the forum selection clause is valid. Here, there is another federal forum that can hear this matter, namely the forum mandated in the VWCP Application's forum selection clause. *See Wall Street Aubrey Golf, LLC v. Aubrey*, 189 Fed. Appx. 83, 83 n.1 (3d Cir. 2006) (unpublished opinion) (finding dismissal necessary because no federal forum existed that could hear the matter, thus "eliminating the possibility of transfer under 28 U.S.C. § 1404 or 1406"). Moreover, because a § 1404(a) transfer will protect the rights of the litigants and avoid any unnecessary waste in resources, the Court will order the case be transferred. Accordingly,

IT IS ORDERED that the Defendant's Motion to Transfer present case be

TRANSFERRED to the United States District Court for the Western District of Kentucky,

Paducah Division.

New Orleans, Louisiana this _____12th_____ day of February, 2008.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE