IN THE CIRCUIT COURT NO. 2 OF CLARK COUNTY
STATE OF INDIANA

LAWRENCE L. GLEGHORN,

    Plaintiff,

v.

AMERICAN COMMERCIAL BARGE LINE,
LLC, et al.

    Defendants.

CIVIL NO. 10C02-1610-CT-000178

### DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE

ACBL Transportation Services LLC, incorrectly denominated in the Complaint as American Commercial Barge Line, LLC, and the M/V Nancy Allen (collectively, "Defendants"), by and through counsel, hereby respectfully move this Honorable Court for an Order dismissing the instant action for improper venue in accordance with the mandatory forum selection clause provision contained in the post-incident Wage Advance Agreement by and between Plaintiff Lawrence L. Gleghorn ("Plaintiff") and ACL Transportation Services LLC, now known as ACBL Transportation Services LLC. This Motion is supported by the accompanying Memorandum. A proposed Order granting the requested relief is being filed concurrently with the filing of this Motion.

Respectfully submitted,

/s/ Jay D. Patton
Jay D. Patton (IN #21375-98)
SCHROEDER MAUNDRELL BARBIERE & POWERS
5300 Socialville-Foster Rd., Suite 200
Mason, OH 45040
(513) 583-4200 Tel.
(513) 583-4203 Fax
jpatton@smbplaw.com
*Attorney for Defendant*



## MEMORANDUM

Plaintiff's Complaint arises from a June 12, 2014 incident that occurred while he was employed by ACL Transportation Services LLC ("ACLTS"), now known as ACBL Transportation Services LLC, as a member of the deck crew of the M/V Nancy Allen. (Complaint, ¶ 2). In his Complaint, Plaintiff asserts causes of action against Defendants for negligence pursuant to the Jones Act, 46 U.S.C. § 30104, and for unseaworthiness under general maritime law. (Complaint, ¶¶ 6-7, 10).

Following the alleged incident, Plaintiff voluntarily entered a Wage Advance Agreement ("Agreement"), a true and accurate copy of which is attached hereto as Exhibit "A." The Agreement provides, in part, for ACLTS's payment of advanced wages in the amount of $50 per day while Plaintiff was recuperating from his alleged injuries and unable to work. (Exhibit A, ¶ 2). In consideration of the payments, Plaintiff agreed to the following mandatory and unambiguous forum selection clause:

> I agree that in the event I file a claim or a lawsuit against ACLTS or any subsidiaries of ACLTS relating to the Incident or this Agreement, such suit will only be filed in the U.S. District Court for the Southern District of Indiana, New Albany Division and I will make no efforts to have such a lawsuit or claim transferred or moved to any other court.

(Exhibit A, ¶ 4). By filing his Complaint in this Honorable Court, Plaintiff has violated the compulsory dictates of the forum selection clause, requiring the dismissal of the instant action for improper venue, without prejudice, so that Plaintiff may re-file his case in the specified and agreed upon forum.

Maritime law recognizes the validity of forum selection clauses and the United States Supreme Court has held that a court sitting in admiralty must enforce a forum selection clause, unless enforcement is shown by the resisting party to be unreasonable and unjust or the clause is

1

invalid for such reasons as fraud or overreaching. *Smith v. TECO Ocean Shipping, Inc.*, 2004 WL 1638111, *2 (E.D. La. 2004)[1] (citing, *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 11, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)); *TECO Barge Lines, Inc. v. Hagan*, 15 So. 3d 863, 864 (Fla. Dist. App. 2009). A forum selection clause is presumptively valid, and "a valid forum selection clause is given controlling weight in all but the most exceptional cases." *Id.* A forum selection clause will be deemed unreasonable and, therefore unenforceable, only when the challenging party proves that trial in the contractual forum would "be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id.* (citing, *The Bremen*, 407 U.S. at 18).

In particular, forum selection clauses are enforceable against seaman in the context of personal injury lawsuits brought against his employer. *Id.* at *3; *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216 (5th Cir.1998); *TECO Barge Lines, Inc. v. Hagan*, 15 So. 3d 863 (Fla. Dist. App. 2009); *Shull v. United Barge Lines*, 2010 WL 745006 (E.D. La. 2010). This is so even under the circumstances where the seaman is alleged or considered to have little bargaining power. *Id.*; *Marinechance Shipping*, 143 F.3d at 221.

When a motion to dismiss seeks to enforce a valid and reasonable forum selection clause designating a forum other than that chosen by the plaintiff, such as is the case here, the burden shifts to the plaintiff to "persuade the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute" by demonstrating exceptional facts or circumstances to invalidate the agreed upon forum selection clause. *Id.* (citing, *In re Ricoh Corp.*, 870 F.2d 570, 573-74 (11th Cir. 1989)).

---

[1] A copy of the decision in *Smith v. TECO Ocean Shipping, Inc.*, 2004 WL 1638111, *2 (E.D. La. 2004) is attached hereto as Exhibit B.

The decision in *TECO Barge Lines, Inc. v. Hagan*, 15 So. 3d 863 (Fla. Dist. App. 2009)[2], illustrates the application and enforcement of a forum selection clause in a case factually analogous to the present case. In *Hagan*, the plaintiff was injured in 2007. *Id.* at 864. In consideration for the payment of certain post-incident benefits, the plaintiff signed a Vessel Wage Continuation Plan agreement, which contained a forum selection clause requiring suit be filed in the federal District Court for the Western District of Kentucky or the Massac County, Illinois Circuit Court. *Id.* However, the plaintiff initiated suit in state court in Florida. *Id.* The defendant moved to dismiss the case on the basis of the agreed upon forum selection clause. *Id.* The trial court denied the defendant's motion and the defendant appealed. *Id.* After citing the presumptively valid nature of forum selection clauses generally and the absence of any unreasonable or unjust results that would follow its application, the clause was found to be valid and enforceable. *Id.* at 864-5. The court of appeals went on to reject the plaintiff's arguments that the language of the forum selection clause was ambiguous and reversed the trial court's ruling. *Id.* at 865-6.

Here, the Agreement and, in particular, the forum selection clause are unambiguous and even a cursory reading of the clause refutes the possibility of any misunderstanding. The clause clearly provides that if Plaintiff were to file suit relating to the June 12, 2014 incident, same "will only be filed in the U.S. District Court for the Southern District of Indiana, New Albany Division." The filing of suit in this Honorable Court constitutes a violation of this mandatory and unambiguous provision.

Moreover, there is no basis for argument that the agreed upon forum is unreasonable or inconvenient. The U.S. District Court designated and agreed upon by parties is located less than

---

[2] A copy of the decision in *TECO Barge Lines, Inc. v. Hagan*, 15 So. 3d 863 (Fla. Dist. App. 2009) is attached hereto as Exhibit C.

10 miles from this Court. Furthermore, ACBL Transportation Services LLC's principal place of business is located in Jeffersonville, Indiana, which is located both within Clark County and the Southern District of Indiana. Because one of the parties resides within the chosen forum, same is presumptively reasonable. Thus, the convenience factors that favor this Court equally favor the agreed upon District Court and, therefore, granting the requested relief will not result in any prejudice or inconvenience to Plaintiff.

There being no exceptional facts or circumstances to invalidate the forum selection clause, Defendants hereby respectfully request the Court enter an Order dismissing the instant case, without prejudice, for improper venue.

Respectfully submitted,

/s/ Jay D. Patton
Jay D. Patton (IN #21375-98)
SCHROEDER MAUNDRELL BARBIERE & POWERS
5300 Socialville-Foster Rd., Suite 200
Mason, OH 45040
(513) 583-4200 Tel.
(513) 583-4203 Fax
jpatton@smbplaw.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2016, I electronically filed the foregoing document using the Indiana E-filing System (IEFS). I also certify that on November 28, 2016, the foregoing document was served upon the following persons via IEFS:

Karl N. Truman (IN #11690-10)  
KarlTruman@trumanlaw.com  
*Attorney for Plaintiff*

Marsha A. Dailey (IN #25539-88)  
MarshaDailey@trumanlaw.com  
*Attorney for Plaintiff*

/s/ Jay D. Patton  
Jay D. Patton